## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANTONIA PUENTES LANDEROS, *individually*
*and on behalf of V.A.M.P.,*[1] *a minor child,*

       Plaintiff,

v.                                                          No. 2:25-cv-352-GJF-KRS

RANJEET SINGH; and DTL
TRANSPORT, INC.,

       Defendants.

### <u>ORDER TO AMEND NOTICE OF REMOVAL</u>

This matter is before the Court sua sponte. Plaintiffs filed a complaint in state court on February 14, 2025 alleging they were injured in an automobile accident as a result of Defendants' negligence. Defendants removed the complaint to this Court on April 10, 2025, alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See* (Doc. 1).

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). As the party asserting federal jurisdiction, Defendants bear the burden of pleading and proving subject matter jurisdiction. *Anderson v. XTO Energy, Inc*., 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018). Having considered Defendants' jurisdictional allegations, the applicable law, and being otherwise fully advised in the

---

[1] The parties are cautioned going forward to comply with Federal Rule of Civil Procedure 5.2(a)(3), which requires that filings in court include a minor's initials in place of the minor's name. Defendants should have redacted the minor's name when they removed the state court complaint to this Court. The Clerk of Court is directed to amend the docket and case caption accordingly.

premises, the Court concludes that the Notice of Removal fails to allege the necessary facts to support diversity jurisdiction.

### Applicable Legal Principles

To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). The Court's focus here is on the amount in controversy requirement.

For purposes of determining the existence of diversity jurisdiction, the amount in controversy is to be determined with reference to the facts as they existed at the time of filing. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later."). "[T]he amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, No. 23-1243, 2023 WL 6121016, at *4 (10th Cir. Sept. 19, 2023) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

"Removal typically proceeds on jurisdictional allegations, not proof of jurisdictional facts. The defendant must provide in its notice of removal 'a short and plain statement of the grounds for removal.'" *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023) (quoting 28 U.S.C. § 1446(a)). "[C]ourts should apply the same liberal rules to removal allegations that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (internal quotation marks and brackets omitted). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 88-89. Plausibility may turn on allegations

in the complaint and/or information provided in the notice of removal. *See Buscema v. Wal-Mart Stores E. LP, 4*85 F. Supp. 3d 1319, 1328 (D.N.M. 2020) ("When a complaint does not state a specific amount in controversy, a defendant's notice of removal may do so." (citing *Dart Cherokee*, 574 U.S. at 84 (citing § 1446(c)(2)(A))). In the absence of an explicit demand in the complaint for more than $75,000.00, or specific factual allegations from which an actual calculation can be performed, the removing defendant must show how much is in controversy through other means, such as "interrogatories or admissions in state court; … informal estimates or settlement demands[;] or …. evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *McPhail*, 529 F.3d at 955 (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006)); *see also Roe v. Michelin N. Am.*, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (explaining that in some cases, the removing defendant may need "to provide additional evidence demonstrating that removal is proper")).

Once the removing defendant has plausibly alleged the amount in controversy, evidence "establishing jurisdiction [is not] required," unless "the plaintiff contests, or the court questions, the defendant's [plausible] allegation[s]." *Brown*, 2023 WL 4174064, at *4 (citing *Dart Cherokee*, 574 U.S. at 89, and *McPhail*, 529 F.3d at 955). If a challenge is made, "the 'party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.'" *Id.* (quoting *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014)).

## Discussion

Defendants' Notice of Removal alleges that the amount in controversy requirement is satisfied because, "[a]s a result of plaintiffs' averred injuries, plaintiffs seek substantial damages." (Doc. 1 ¶ 3). The Notice of Removal then asserts, without more, that the "substantial damages"

sought in the complaint exceed $75,000. (*Id.* ¶¶ 3, 11). The Court must look beyond these assertions because they are merely conclusory. The Court looks instead to the asserted factual support for the conclusory assertions in the Notice of Removal: the allegations in the state court complaint. The problem is that the state court complaint does not contain any well pleaded facts to support Defendants' allegation that the amount in controversy requirement is satisfied, such that the Court could conclude that Defendants' allegations in the Notice of Removal are plausible. Rather, the complaint alleges only generally that Plaintiffs "sustained serious bodily injuries" when their vehicle rolled over" in an accident caused by Defendant Singh. (Doc. 1-2 ¶ 6). "If the mere allegation that the plaintiff was 'seriously injured' sufficed to establish the jurisdictional amount, then virtually every personal injury case could be removed to federal court. The amount in controversy requirement would be rendered meaningless." *Ransom v. Wal-Mart Stores, Inc.,* 920 F. Supp. 176, 177-78 (M.D. Ga. 1996).

In personal injury cases such as the present one, courts have held that the nature of the claims and the background facts provided in the complaint may be insufficient to assess the amount in controversy in the absence of additional facts such as "the types of injuries, medical expenses incurred, and future medical problems resulting from the incident." *Romero-Palacios v. Warren Elec., LLC*, No. PE:21-CV-00042-DC-DF, 2022 WL 508342, at *5 (W.D. Tex. Feb. 18, 2022) (quoting *Taylor v. Old Republic Ins. Co.*, No. CV 21-369-BAJ-EWD, 2022 WL 264887, at *4 (M.D. La. Jan. 6, 2022), *report and recommendation adopted*, No. CV 21-00369-BAJ-EWD, 2022 WL 264540 (M.D. La. Jan. 27, 2022)), *report and recommendation adopted*, No. P:21-CV-00042-DC, 2022 WL 1546717 (W.D. Tex. Mar. 8, 2022). For instance, in *Romero-Palacios*, the court held that the general allegation that the plaintiff was injured in a motor vehicle accident was insufficient to assess the amount in controversy because the complaint did "not allege specific time

lost out on any employment, the duration of any hospital visits, or even which areas on [the plaintiff's] body are disfigured or impaired or to which degree they might so be." *Id.* at *4. Similarly, in *Grant v. Wal-Mart Stores E., LP*, Civil Action No. 5:14–CV–119 (MTT), 2014 WL 2930835, at *1 (M.D. Ga. June 27, 2014), the court held that it was not facially apparent from the complaint that the amount in controversy exceeded $75,000 where the complaint "generically describe[d] the harm suffered as 'severe injuries that required extensive medical treatment.'" And in *Warner v. USAA Ins. Agency, Inc.,* No. CV 23-1323-JWD-EWD, 2023 WL 6542755, at *1 (M.D. La. Oct. 6, 2023), the court held that the plaintiff's "general allegations … of 'massive damage'" were insufficient to show more than $75,000 was at issue. As the court explained in *Lambeth v. Peterbilt Motors Co*., Civil Action No. 12–0169–WS–N, 2012 WL 1712692, at *3 (S.D. Ala. May 15, 2012), "[w]hile the back injury is characterized as 'serious,' nothing in the Complaint elaborates on the nature or severity of that injury, or otherwise lends substance or meaning to it. We simply do not know-or have any basis for inferring from the pleadings-anything about how severe, permanent, debilitating or painful the injury might be; how extensive, costly, or traumatic the course of treatment was, is or might be; or whether and to what extent the injury did, does or will constrain [plaintiff's] work or life activities."

Courts in this district have held similarly. *See, e.g., Medina on behalf of Medina v. Wal-Mart Stores E., Inc.,* No. CV 24-767 GBW/KRS, 2024 WL 5087557, at *2 (D.N.M. Dec. 12, 2024) ("[w]hile a defendant may refer to the substance and nature of the injuries and damages described in the pleadings to meet their burden, vague and general allegations may be insufficient grounds for the court to find, without resorting to speculation, that the amount in controversy has been satisfied." (internal quotation marks and citations omitted)); *Hernandez v. Safeco Ins. Co. of Am.,* No. CV 11-245 JP/CG, 2011 WL 13284598, at *3 (D.N.M. Sept. 8, 2011) ("general or vague

allegations in a complaint of a 'serious' injury and resulting damages make it impossible for a court to determine whether the amount in controversy exceeds $75,000" (at 3-4, citing case law)). Although the Court is permitted "to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and "may use [its] judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements," *Roe,* 613 F.3d at 1061-62, "that is not an invitation to speculate as to whether the requisite amount in controversy is facially apparent," *Vail v. Smarterfuel S., LLC,* Civil Action No. 13–00277–KD–N, 2013 WL 5373525, at *6 (S.D. Ala. Sept. 25, 2013).

In addition to alleging that Plaintiffs suffered "serious injuries" from the accident, the complaint also lists categories of damages for which Plaintiffs seek to recover.[2] But that listing is no more helpful to the Court's assessment of whether the amount in controversy has been plausibly alleged than the vague allegation of serious injuries. "A party must do more than point to the theoretical availability of certain categories of damages. General assertions of damages, unsupported by any facts or evidence of specific injury, do not suffice." *Scott v. Bender*, 893 F. Supp. 2d 963, 970 (N.D. Ill. 2012) (internal quotation marks omitted)); *see Hernandez,* 2011 WL 13284598, at *4 (finding that a plea for "various types of damages for an unspecified amount of money*"* was "insufficient for the Court to estimate, without resorting to speculation, what Plaintiff's claimed damages amount to and whether those damages exceed $75,000"). Courts throughout the country agree on this point.[3]

---

[2] Plaintiffs' damages allegedly include: (1) past and future medical care and related treatment; (2) past and future physical and mental pain and suffering; (3) past and future physical impairment; (4) lost wages; and (5) property damage. (Doc. 1-2 ¶ 17).

[3] *See also Warren v. Wild 1, Inc.,* No. CV 24-00471-KD-B, 2025 WL 980081, at *11 (S.D. Ala. Mar. 13, 2025) ("Nothing in Warren's sparse allegations and generic list of unspecified damages makes it clear that the amount in controversy reaches the jurisdictional amount. Indeed, it is well-settled that vaguely listing categories of damage does not satisfy a removing defendant's burden of establishing the amount in controversy.") (internal quotation marks and citation omitted) (citing cases), *report and recommendation adopted*, No. CV 24-00471-KD-B, 2025 WL 978398

As noted earlier, the Notice of Removal adds nothing for the Court to consider in assessing whether the amount in controversy requirement for federal court jurisdiction has been met beyond the complaint's allegations. *See Medina*, 2024 WL 5087557, at 3 ("Defendant offers no other evidence to support removal outside of the Complaint's allegations and prayers for relief."). In short, the Court cannot tell from either the Notice of Removal or the complaint whether the amount in controversy exceeds $75,000. Both indicate that Plaintiffs seek to recover for personal injuries sustained in a motor vehicle accident, but there are no allegations alleging any amounts associated with the categories of damages listed in the complaint, or even what the nature of Plaintiffs' bodily injuries are. Therefore, the Court has no factual basis from which it can infer in a non-speculative manner that the personal injuries for which Plaintiffs seek to recover give rise to a claim or claims for more than $75,000 in damages.[4] When faced with insufficient allegations in a notice of removal, courts generally will grant the removing defendants leave to amend their notice of removal to cure "the errors in some of the formalistic technical requirements." *Quintana v. Yost*, No. Civ 17-0701 JB/JHR, 2018 WL 3849881, AT *4 (D.N.M. Aug. 11, 2018).

**ACCORDINGLY**, Defendants are ordered to file, on or before **July 10, 2025**, a supplement to, or an amended notice of removal, setting forth the factual basis for their conclusory

---

(S.D. Ala. Mar. 31, 2025); *Gamboa v. Occidental Fire & Cas. Co. of N.C.,* No. CV 23-5843, 2024 WL 147852, at *2 (E.D. La. Jan. 12, 2024) ("pleading general categories of damages, ... without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the facially apparent test" (internal quotation marks and citations omitted)); *Romero-Palacios,* 2022 WL 508342, at *4 ("Courts throughout the Fifth Circuit have routinely held that a complaint featuring only general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the [specific] amount of the damages sought, contains insufficient jurisdictional facts for the party invoking diversity jurisdiction to meet his burden of proving that the amount in controversy is satisfied under the first prong of the test." (internal quotation marks omitted) (quoting *Johnson v. Beale*, No. 18-961-BAJ-EWD, 2019 WL 2150399, at *4 n.33 (M.D. La. Apr. 24, 2019) (collecting cases), *report and recommendation adopted,* No. 18-961-BAJ-EWD, 2019 WL 2144807 (M.D. La. May 15, 2019))).

[4] *See, e.g., Warren*, 2025 WL 980081, at *11 ("the amount in controversy cannot be measured in a factual vacuum, and to extrapolate an amount in controversy exceeding $75,000 from the complaint's limited and generalized allegations and the minimal concrete evidence presented by Defendants would require impermissible speculation.").

allegation that the amount in controversy at the time of removal[5] was in excess of $75,000. If Defendants are unable to allege facts from which the Court can plausibly infer that more than $75,000 is in controversy, the Court may recommend that the case be remanded. *See Brown*, 2023 WL 4174064, at *3 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (quoting 28 U.S.C. § 1447(c)).

      **IT IS SO ORDERED** this 30th day of June, 2025.

                                                     

                                                   KEVIN R. SWEAZEA
                                                   UNITED STATES MAGISTRATE JUDGE

---

[5] "Events subsequent to removal that merely reveal whether the required amount was in dispute on the date of filing, rather than alter the current amount in controversy, can be considered in deciding what that original amount in controversy was." *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1203–04 (D.N.M. 2012) (quoting *BEM I, LLC, v. Anthropologie, Inc*., 301 F.3d 548, 552 (7th Cir. 2002)); *see also Sierminski v. Transouth Fin. Corp*., 216 F.3d 945, 949 (11th Cir. 2000) (holding that district courts may consider evidence submitted by removing defendants after removal concerning the jurisdictional facts that existed at the time of removal).